HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TANA CHUNG HUMMEL,

                    Plaintiff,

          v.

NORTHWEST TRUSTEE SERVICES,
INC., et al.,

                    Defendants.

CASE NO. C15-255RAJ

ORDER

## I.  INTRODUCTION

This matter comes before the court on a motion to dismiss from Defendant Bank of America, N.A. ("BofA"), and a motion to remand from Plaintiff Tana Chung Hummel. For the reasons stated herein, the court GRANTS the motion to dismiss (Dkt. # 11), DENIES the motion to remand (Dkt. # 19), and directs the clerk to TERMINATE BofA as a party.  Ms. Hummel may file an amended complaint naming BofA as a defendant, but she must comply with this order.  In addition, Ms. Hummel must consider this order when responding to the pending summary judgment motion from the remaining Defendants.  The clerk shall RENOTE that motion (Dkt. # 35) for August 7, making Ms. Hummel's opposition to it due on August 3.  The clerk shall TERMINATE Northwest Trustee Service's "joinder" in that motion (Dkt. # 37), and Ms. Hummel's opposition shall be a single brief responding to all Defendants' request for summary judgment.

ORDER – 1

## II.  BACKGROUND

Ms. Hummel, who is proceeding in this case without an attorney, borrowed $650,000 in November 2006, executing a note ("Hummel Note") in favor of her lender, First Franklin, and securing that note with a deed of trust to her residential property in Whatcom County ("Hummel Deed of Trust").  ¶¶ 9-11.[1]  The Hummel Deed of Trust named Mortgage Electronic Registration Systems, Inc. ("MERS"), as its beneficiary, "solely as a nominee for Lender and Lender's successors and assigns."[2]

In October 2014, Ms. Hummel received a notice of trustee's sale, wherein Northwest Trustee Services, Inc. ("NW Trustee"), acting as trustee, informed her that her home would be sold at a trustee's sale on February unless she paid more than $170,000 to cure a default on the Hummel Note.  ¶ 13.[3]  NW Trustee claimed to be acting as trustee on behalf of U.S. Bank N.A., which was acting as the trustee for The First Franklin Mortgage Loan Trust ("First Franklin Trust").  According to the notice of trustee's sale, MERS had assigned the beneficial interest in the Hummel Deed of Trust to U.S. Bank, which was the successor to BofA as trustee of the First Franklin Trust.

The court pauses here to note that Ms. Hummel's complaint and response to the motion to dismiss indicate confusion arising from the presence of many entities with the title "trustee."  A deed of trust is a three-party transaction in which a borrower (the grantor of the deed of trust) conveys title to her property to a trustee, who holds the title in trust for the lender, who is the beneficiary of the deed of trust.  *Bain v. Metro. Mortgage Group, Inc.*, 285 P.3d 34, 38 (Wash. 2012).  The deed of trust grants the

---

[1] The court cites Ms. Hummel's complaint using bare "¶" symbols.

[2] The Hummel Deed of Trust is attached to a declaration of BofA's counsel.  McCormick Decl. (Dkt. # 12), Ex. A.  Ms. Hummel did not attach it to her complaint, but her complaint refers to it repeatedly, no one disputes the authenticity of the copy that BofA submitted, and the court deems it incorporated by reference into Ms. Hummel's complaint.

[3] Ms. Hummel did not attach the October 2014 notice of trustee's sale to her complaint.  She did, however, include it as one of more than two dozen exhibits she submitted as a "Suppl[e]mental Response" to BofA's motion to dismiss.  Dkt. # 20, Ex. 17.  The court deems it to be incorporated by reference into her complaint.

ORDER – 2

beneficiary a power of sale that it can invoke if the borrower defaults, in which case the Washington Deed of Trust Act empowers the trustee to sell the property at a trustee's sale. *Id.* The court will refer to the trustee authorized to sell a property secured by a deed of trust as the "DOT trustee." In this case, "Stewart Title" was the original DOT trustee on the Hummel Deed of Trust. NW Trustee is currently purporting to act as the DOT trustee. Other entities claim that they are or were the trustee of the First Franklin Trust. The trustee of the First Franklin Trust is not a DOT trustee. The First Franklin Trust asserts that it currently holds the Hummel Note, and is thus the current beneficiary of the Hummel Deed of Trust. The original beneficiary was First Franklin, Ms. Hummel's original lender. The trustee of the First Franklin Trust is entitled, subject to the terms of that Trust, to act as the owner of the property in that Trust. The trustee of the First Franklin Trust is thus, assuming it can prove its authority, entitled to act as the beneficiary of the deeds of trust within that Trust. In this case, it appears that BofA was once the trustee of the First Franklin Trust, and now U.S. Bank is the trustee. Thus, U.S. Bank claims the authority to act as the beneficiary of the Hummel Deed of Trust. The court suggests no view on whether U.S. Bank can prove that authority.

Ms. Hummel, faced with a notice of trustee's sale from a DOT trustee (NW Trustee) who was not her original DOT trustee, acting on behalf of a beneficiary (U.S. Bank) who was not her original lender, checked county files related to her property. She discovered a recorded assignment from July 2011 in which MERS purported to assign to BofA "all beneficial interest under that certain Deed of Trust described below together with the note(s) and obligations therein described . . . ."[4]

Ms. Hummel sued BofA, MERS, NW Trustee, and Select Portfolio Services, Inc. ("SPS"). She purports to state almost a dozen causes of action. Among them are a cause

---

[4] The document in which MERS allegedly assigned an interest to BofA is attached to a declaration of BofA's counsel. McCormick Decl. (Dkt. # 12), Ex. B. Ms. Hummel did not attach the purported assignment to her complaint, but her complaint refers to it repeatedly, no one disputes the authenticity of the copy that BofA submitted, and the court deems it incorporated by reference into Ms. Hummel's complaint.

ORDER – 3

of action for violation of the federal Truth in Lending Act ("TILA") and a cause of action for violation of the federal Real Estate Settlement Procedures Act ("RESPA").  Seizing on the presence of the two federal claims, MERS and SPS timely removed the action, and the other Defendants have since joined in the removal.

Now before the court are BofA's motion to dismiss Ms. Hummel's claims against it for failure to state a claim and Ms. Hummel's motion to remand the case to Whatcom County Superior Court.  This order will rule on those motions, but it will do little to advance this case to a resolution.  That is because BofA alone has moved to dismiss the complaint.  Although BofA often makes arguments relating to Ms. Hummel's assertions against other Defendants, no other Defendant joined the motion to dismiss, and the court will not allow BofA to assert other Defendants' arguments for them.  BofA, moreover, is not the principal target of Ms. Hummel's allegations.  She is convinced that none of the parties she mentioned actually holds the Hummel Note, and she appears to be convinced that the transfer of the Hummel Note to the First Franklin Trust was somehow unlawful. But BofA does not assert that it is the holder of the Hummel Note and it does not assert that it is entitled to foreclose.  So far as Ms. Hummel's complaint reveals, BofA was merely the servicer for the Hummel Note, and it appears the SPS is the current servicer. Although Ms. Hummel asserts that BofA engaged in unlawful conduct as servicer, those allegations have no bearing on who holds her note or who the Deed of Trust Act authorizes to foreclose on her property.

After the parties completed briefing on those motions, MERS and SPS jointly filed a motion for summary judgment, in which NW Trustee later joined via a two-page "joinder" that it unnecessarily noted as a separate motion.  The motion for summary judgment, unlike either Mr. Hummel's complaint or BofA's motion to dismiss, provides evidence that illuminates this dispute.  Specifically, the motion for summary judgment offers evidence about what happened to the Hummel Note in the nearly 10 years since Ms. Hummel signed it.  The summary judgment motion offers evidence that U.S. Bank,

ORDER – 4

in its capacity as trustee of the First Franklin Trust, is the holder of the Hummel Note and thus the beneficiary of the Hummel Deed of Trust.  It also offers evidence that SPS is the current servicer of the Hummel Note, and that U.S. Bank has authorized SPS to act on its behalf with respect to both the Hummel Note and Deed of Trust.  It also offers evidence that the July 2011 assignment from MERS to BofA played no role in transferring the Hummel Note to anyone, and that MERS has no ongoing role in this dispute.  Although it does not provide evidence demonstrating that NW Trustee is the DOT trustee for the Hummel Deed of Trust, it does not dispute that NW Trustee had authority to issue the notice of trustee's sale.

Because BofA appears to have no current role in acting on the Hummel Note or Deed of Trust, its motion to dismiss will have little impact.  The motion for summary judgment, by contrast, may end this case, especially if Ms. Hummel does not offer evidence or argument to meet the evidence that U.S. Bank is the current holder of the Hummel Note.[5]  The court accordingly uses this order not only to address the motions before it, but to help ensure that Ms. Hummel understands her obligations in responding to the motion for summary judgment.

### III.   ANALYSIS

#### A.   The Court Declines to Remand this Case.

The court begins with Ms. Hummel's motion to remand, which the court must deny.  Ms. Hummel's state court complaint explicitly stated a RESPA claim and a TILA claim, two causes of action "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  That sufficed to give this court subject matter jurisdiction,

---

[5] Ms. Hummel's complaint contains a long section asserting that the "securitization" of the Hummel Note (its transfer to the First Franklin Trust) was invalid.  ¶¶ 23-42.  That section contains many legal conclusions about the requirements for a valid transfer of the Hummel Note. Ms. Hummel should consider whether her legal conclusions accurately reflect Washington law. For reference, the court directs her to consider its assessment of similar arguments from a homeowner in *Knecht v. Fidelity Nat'l Title Ins. Co.*, No. 12-1575RAJ, 2015 U.S. Dist. LEXIS 74664, at *19-21 (W.D. Wash. Jun. 9, 2015).  For ease of reference, the court directs the clerk to include the docketed version of the *Knecht* order as an electronic attachment to this order.  Ms. Hummel should consider, in particular, Section III.B.

ORDER – 5

and thus sufficed to permit Defendants to remove this case. 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."). There is no basis to remand this action. Ms. Hummel's invocation of the "local action" doctrine, which generally requires that a suit over real property be heard in the district in which that property is located, is no basis to avoid removal. *Eldee-K Rental Properties, LLC v. DirecTV, Inc.*, 748 F.3d 943, 947-48 (9th Cir. 2014). Ms. Hummel's property is within the Western District of Washington.

**B.   Ms. Hummel Has Not Stated a Claim Against BofA.**

BofA invokes Fed. R. Civ. P. 12(b)(6), which permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."). The court typically cannot consider evidence beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). The court may also consider evidence subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

The complaint says relatively little about what BofA did to Ms. Hummel. Ms. Hummel alleges that both BofA and SPS have claimed to be the servicer of her mortgage,

ORDER – 6

¶ 12, and that she was (at least at one point) making mortgage payments to BofA, ¶ 17. In response to Ms. Hummel's inquiries, BofA informed her that it was the servicer of her loan and that U.S. Bank was the owner of her loan.  ¶ 18.  When she contacted U.S. Bank, it denied that it had any interest in her loan.  ¶ 19.  BofA sent "numerous letters that contained all kinds of legal jargon that Plaintiff couldn't quite understand fully," ¶ 20, but Ms. Hummel does not attach those letters to her complaint or quote from them, leaving the court with little basis to take inferences from that allegation.  Ms. Hummel contends that she "hire[d] lawyers" and did her own research to respond to BofA's letters, which were apparently part of a foreclosure process.  ¶ 20.

From those limited allegations, Ms. Hummel attempts to assert ten causes of action.  None of those causes of action attempts to explain which Defendant or Defendants are liable.  For many of them, there is no plausible inference that BofA is a proper Defendant, and the court cannot even be certain that Ms. Hummel intended to name BofA as a Defendant on those causes of action.  Even assuming that she did intend to name BofA as a Defendant on every one of her causes of action, Ms. Hummel has not stated a plausible claim against BofA.  The court now considers each of those causes of action, explaining both its conclusion that it does not state a claim against BofA and (in some instances) offering analysis relevant to Ms. Hummel's forthcoming response to the other Defendants' summary judgment motion.  Again, because only BofA has moved to dismiss, the court considers only whether Ms. Hummel has stated a claim against BofA. The court does not suggest that she has or has not stated a claim against any other Defendant.  In addition, the court generally offers only one reason that a claim is insufficient.  The court expresses no opinion at this time on other reasons, legal or factual, that Ms. Hummel's claims may fail.

### 1.    First Cause of Action – "Lack of Standing"

Ms. Hummel's first cause of action is entitled "Lack of Standing," and includes the assertion that "the above specified Defendants" lack standing to foreclose on her

ORDER – 7

home.  There is, however, no allegation at all that BofA is asserting that it has standing to foreclose on her home or that it is attempting to foreclose on her home.  Ms. Hummel has not stated a claim based on BofA asserting a right to foreclose on her home.

In Washington, the only parties with "standing" to foreclose on a home secured by a deed of trust are the beneficiary of the deed of trust and the DOT trustee.  As the court has noted, the summary judgment motion contains evidence that U.S. Bank is the beneficiary of the Deed of Trust, and is consistent with NW Trustee serving as the DOT trustee.  Thus, so far as the court is aware, the only entities asserting "standing" to foreclose on Ms. Hummel's home are NW Trustee and U.S. Bank, and perhaps SPS in its role as U.S. Bank's authorized agent.  There is no indication that MERS is asserting a right to foreclose on Ms Hummel's home.  If Ms. Hummel wishes to avoid summary judgment as to the standing of NW Trustee or U.S. Bank, she must present evidence from which the court could conclude that U.S. Bank is *not* the holder of her note.

**2.     Second Cause of Action – "Fraud in the Concealment"**

Ms. Hummel alleges that "Defendants concealed the fact that the Loans were securitized as well as the terms of the Securitization Agreement . . . ." ¶ 65.  She asserts that "Defendant knew or should have known that had the truth been disclosed, Plaintiff would not have entered into the Loans."  ¶ 66.

These allegations state no claim against BofA.  There is no allegation that BofA had any role in Ms. Hummel's choice to take out a loan in 2006.  Moreover, the court is not aware of any allegation or evidence showing that the four Defendants Ms. Hummel has sued had any role in her choice to take out a loan in 2006.

Ms. Hummel must also contend with the likelihood that the relevant statute of limitations has expired as to any claim based on the inception of her loan in 2006.

**3.     Third Cause of Action – "Fraud in the Inducement"**

Here, Ms. Hummel contends that Defendants "misrepresented" that "those Defendants were entitled to exercise the power of sale provision contained in the DOT."

ORDER – 8

¶ 74.  She also asserts that Defendants "misrepresented that they are the 'holder and owner' of the Note and the beneficiary of the DOT," and that "Defendants are fraudulently foreclosing on the Property [in] which they have no monetary or pecuniary interest."  ¶ 75.  Again, these allegations state no claim against BofA, because there is no plausible allegation that BofA is attempting to foreclose on Ms. Hummel's property, no plausible allegation that BofA claims to hold the Hummel Note, and no plausible allegation that BofA claims to be entitled to act on the Hummel Deed of Trust.  The court further notes that Rule 9(b) of the Federal Rules of Civil Procedure requires a party claiming fraud to "state with particularity the circumstances constituting fraud or mistake."  Ms. Hummel has not come close to stating with sufficient particularity that BofA defrauded her.

    4.        **Fourth Cause of Action – "Intentional Infliction of Emotional Distress"**

    Ms. Hummel alleges that threatening her with foreclosure and the loss of her property is "outrageous or reckless conduct."  ¶ 82-83.  She has not, however, alleged any conduct by BofA that is "extreme and outrageous," which the tort of intentional infliction of emotional distress requires.  *Robel v. Roundup Corp.*, 49 P.3d 611, 619 (Wash. 2002) (noting that "extreme and outrageous conduct" is conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community").  Although Ms. Hummel's complaint contains almost no detail about how BofA behaved toward her, the court infers that BofA informed her that she had defaulted on her loan and informed her of the consequences of that default.  Ms. Hummel does not deny that she is in default on her loan.  If she cannot cure that default, she may lose her home.  There is nothing "extreme and outrageous" about a loan servicer pointing out a default or its consequences.  Even if the court accepts Ms. Hummel's allegations against BofA as true, the conduct she alleges is not outrageous as a matter of law.  *See Dicomes v. Washington*, 782 P.2d 1002, 1013 (Wash. 1989) (noting that court may resolve outrage claim if it

ORDER – 9

determines that reasonable minds could not differ as to whether the conduct at issue was sufficiently outrageous).

**5.      Fifth Cause of Action – "Slander of Title"**

A plaintiff claiming slander of title must prove that a defendant maliciously published false information "with reference to some pending sale or purchase of property," and that the false information "go[es] to defeat plaintiff's title" and damages the plaintiff. *Rorvig v. Douglas*, 873 P.2d 492, 496 (Wash. 1994).

Ms. Hummel has not alleged any statement from BofA that falsely denies her title to her property. Every statement she has alleged admits, at least implicitly, that she holds the title to her property. A threat to foreclose on property, even if it is an empty threat, is not slander of title.

**6.      Sixth Cause of Action – "Quiet Title"**

Ms. Hummel has not alleged that BofA is making any claim that clouds title on property. She thus has no basis to "quiet title" against BofA.

**7.      Seventh Cause of Action – "Declaratory Relief"**

Ms. Hummel has not requested any declaration as to any dispute between her and BofA. All of her requests for declaratory relief concern who is entitled to foreclose on her property, who has a valid interest in her property, or who owns her note. *See* ¶¶ 110-19 (stating requests for declaratory relief). Again, there is no allegation that BofA is making a claim upon her property, no allegation that BofA is attempting to foreclose on her property, and no allegation that BofA currently claims to hold her note.

**8.      Eighth Cause of Action – "Violation of TILA"**

Ms. Hummel asserts that Defendants failed to make disclosures that "fully inform home buyers of the pros and cons of adjustable rate mortgages in a language (both spoken and written) that they can understand and comprehend; and advise them to compare similar loan products with other lenders." ¶ 121. As the court has noted, no Defendant here had any role in her decision to take out her loan in 2006. There is no

ORDER – 10

allegation that BofA had an obligation to disclose anything or that BofA failed to disclose something in violation of TILA.  Ms. Hummel has stated no TILA claim against BofA.

9.      **Ninth Cause of Action – "Violation of RESPA"**

Plaintiff alleges that she "is entitled to rescind the loan and all accompanying loan documents . . . ."  ¶ 128.  She does not explain what provision of RESPA any Defendant violated.  She does not point to any conduct of BofA that violated RESPA.  Even if she had, BofA did not make a loan to Ms. Hummel, and thus any claim for rescission of that loan is not a claim against BofA.

10.      **Tenth Cause of Action – "Re[s]cission"**

In this cause of action, Ms. Hummel contends that she is entitled to rescind her loan.  There is no allegation that BofA is a party from whom she could obtain rescission.  The court notes, moreover, that even if Ms. Hummel could rescind her loan, she would be required, at a minimum, to return the $650,000 she obtained as a result of that loan, less the principal she has paid since she obtained it.

**C.      The Court Will Permit Plaintiff to Amend Her Complaint.**

The court has no basis to rule out the possibility that Ms. Hummel could state a claim against BofA.  She could, for example, point to specific conduct by BofA as a servicer that violated the law and caused her damage.  For that reason, the will allow her to amend her complaint.  The court does not suggest that it encourages Ms. Hummel to amend her complaint or that she can state valid claims if she does so.  If Ms. Hummel chooses to amend her complaint, she must consider this order.  At a minimum, she must stop referring to "Defendants" generically and must specify which Defendant or Defendants are responsible for each of her allegations of wrongdoing.  She must also consider whether her claims against other Defendants would fail for the same reasons that her claims against BofA failed.  She must also consider whether she has a good faith basis to dispute that U.S. Bank is the current holder of her note.

ORDER – 11

1    If Ms. Hummel chooses to file an amended complaint, she must do so no later than

2    August 24, 2015.

3                              IV.   CONCLUSION

4    For the reasons previously stated, the court GRANTS the motion to dismiss (Dkt.

5    # 11), DENIES the motion to remand (Dkt. # 19), and directs the clerk to TERMINATE

6    BofA as a Defendant.  Ms. Hummel is free to file an amended complaint naming BofA as

7    a defendant, but she must comply with this order.  In addition, Ms. Hummel must

8    consider this order when responding to the pending summary judgment motion from the

9    remaining Defendants.  The clerk shall RENOTE that motion (Dkt. # 35) for August 7,

10   making Ms. Hummel's opposition to it due on August 3.  The clerk shall TERMINATE

11   Northwest Trustee Service's "joinder" in that motion (Dkt. # 37), and Ms. Hummel's

12   opposition shall be a single brief responding to all Defendants' request for summary

13   judgment.

14   DATED this 24th day of July, 2015.

15

16

17   The Honorable Richard A. Jones
     United States District Court Judge

18

19

20

21

22

23

24

25

26

27

28   ORDER – 12